PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN TORRES, Defendant and Appellant.

No. 4633. Argued May 25, 1932.—Decided July 22, 1932.

*J. Valldejuli Rodríguez* for appellant. *R. A. Gómez, Fiscal,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

In this case the complaint in its pertinent part reads as follows:

"That on August 10 (at 11 p. m.), 1930, and in the Casino Aiboniteño, San José St., Aibonito, Puerto Rico, in the Municipal Judicial District of Cayey, P. R., which forms part of the Judicial District of Guayama, P. R., the defendant then and there in the Casino Aiboniteño in Aibonito, P. R., where a society dance was being held (which is a lawful assembly), wilfully, unlawfully, maliciously, and with the criminal intent to cause bodily injury to José Cot, assaulted and battered him with his fist inflicting upon him a severe bruise in the left side of his upper lip."

After a trial before the District Court of Guayama, the defendant was convicted of the offense of aggravated assault and battery charged against him, and sentenced to pay a fine of $50.

He appealed, and in his brief he assigns four errors.

By the first assignment he maintains that the court erred in failing to apply subdivision 5 of section 29 of the Code of Criminal Procedure. Said subdivision reads thus: "The justice of the peace shall, within five days, transmit the

record to the district court, which court, within ten days after its receipt, shall set the day for the trial of the case, and shall issue summons for the prosecuting attorney and for the defendant''; and the defendant argues that as the case was filed in the district court on December 22, 1930, and the trial was first set for March 24, 1931, there was an open violation of the law.

The district attorney answers that there is no basis in the record for even discussing the error assigned by the appellant and we think that he is right.

It appears from the record that the contention of the appellant was ''that the first setting made was for March 24, 1931.'' This would not exclude a strict compliance by the court with the rule provided by section 29 of the Code of Criminal Procedure, for it could set the hearing for March 24, which was within the ten days from the receipt of the record, that is, for a day within the period of 120 days fixed by section 448 of the Code of Criminal Procedure.

The argument of the appellant that because of the vagueness of the record, his motion should be considered as one for dismissal of the cause on the ground of a violation of section 448 of the Code of Criminal Procedure, is untenable; as the record shows that the case was not tried until March 21, 1931. Although it is true that the case was tried on that date, it appears that it was set for March 24, and as the reason for the continuance does not appear, the correctness of the proceedings is presumed.

The second error assigned is that the complaint does not charge the commission of an aggravated assault and battery but only of a simple assault and battery.

Section 6 of an Act to define and punish simple assault, etc., approved March 10, 1904, provides:

''Section 6.—An assault and battery becomes aggravated when committed under any of the following circumstances:
''1.—    .    .    .    .    .    .    .    .    .

"2.—When committed in a court of justice, or in any place of religious worship, or in any place where persons are assembled for the purpose of innocent amusement."

A mere comparison of the law with the complaint is sufficient to conclude that appellant is wrong. A society dance in a casino, in view of the way in which casinos and society dances are regarded in Puerto Rico, is clearly a lawful assembly.

The question is again raised by the third assignment of error when emphasizing the fact that the evidence established that intoxicating liquors were served at the dance. There is evidence establishing that in a certain room of the house intoxicating liquor was consumed, but this does not overcome the fact that the assault and battery was committed in a "place where persons are assembled for the purpose of innocent amusement," since the evidence also established that the criminal act was committed in the dance hall where ladies and gentlemen not only from Aibonito but also from Coamo and Ponce—"more than 200 persons between ladies and gentlemen," according to the testimony of the witness Francisco Gil—were assembled for the purpose of dancing.

The fourth and last assignment of error refers to the lack of evidence. We have examined the latter and consider it as sufficient. The complaining witness described the facts thus: After stating that a young lady from Ponce promised him a dance, he went on to say: "When the dance was beginning I went to the dance room to locate the young lady, and after I had entered, I was struck in the left cheek by Mr. Ramón Torres without any words being said." This testimony is corroborated by several witnesses.

The judgment appealed from must be affirmed.